# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Marcius Varner, | ) | |
| | ) | Case No. 2:16-cv-2340-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| SERCO, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on United States Magistrate Judge Marchant Bristow's report and recommendation ("R&R"), ECF No. 29, that the court grant in part and deny in part defendant SERCO, Inc.'s motion for summary judgment, ECF No. 26, granting it with respect to plaintiff Marcius Varner's first and second causes of action and denying it as to his third cause of action. The R&R further recommends that the court: (1) dismiss the first and second causes of action with prejudice; and (2) decline to exercise supplemental jurisdiction over the third cause of action and dismiss it without prejudice in order to allow plaintiff to pursue this claim in state court.

For the reasons set forth below, the court adopts in part and rejects in part the R&R: (1) adopting its recommendation to grant summary judgment on the first and second causes of action and dismiss those claims with prejudice; (2) adopting its recommendation to deny summary judgment on the third cause of action; but (3) rejecting its recommendation to decline supplemental jurisdiction and dismiss without prejudice the third cause of action. Accordingly, the court grants in part and denies in part defendant's motion for summary judgment, ECF No. 26, dismissing the first and second causes of action with prejudice.

1

## I. BACKGROUND

### A. Factual Background

This case arises out of the alleged discrimination and retaliation against plaintiff while employed as a warehouse associate by defendant. R&R 2. Specifically, plaintiff alleges that defendant: (1) discriminated against him on the basis of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213, ("ADA"); (2) violated his rights under the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654, ("FMLA"); and (3) retaliated against him for filing a workers' compensation claim in violation of S.C. Code § 42-1-80. Compl. ¶¶ 43–65. The R&R details the salient facts of the case, and because it is unnecessary to recapitulate the pleadings and exhibits constituting the factual record, this order dispenses with a recitation thereof. Like the R&R, the court construes the facts in the light most favorable to the non-moving party in considering the motion for summary judgment.

### B. Procedural Background

Plaintiff initiated this action in federal court on June 29, 2016. ECF No. 1. Per the court's scheduling order, the deadline for discovery expired on April 7, 2017. ECF No. 15. On July 14, 2017, defendant filed the instant motion for summary judgment as to all causes of action. On August 11, 2017, plaintiff filed a response in opposition, ECF No. 27, and on August 18, 2017, defendant filed a reply thereto, ECF No. 28.

On October 27, 2017, the magistrate judge issued the R&R, recommending that the court grant in part and deny in part defendant's motion for summary judgment, granting it as to the federal causes of action, denying it as to the state law cause of action, but further recommending refusal to exercise supplemental jurisdiction over the latter.

The R&R specifically advised the parties of the procedure for filing objections thereto and the consequences if they failed to do so. R&R 31–32. On November 22, 2017, after receiving an extension, both parties timely filed objections to the R&R, ECF Nos. 32, 33, and on December 6, 2017, both parties filed replies, ECF Nos. 34, 35. The matter is now ripe for the court's review.

## II. STANDARDS OF REVIEW

### A. R&R

The magistrate judge makes only a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270–71. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings." Greene v. Quest Diagnostics Clinical Labs., Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted). When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). Analogously, de novo review is unnecessary when a party makes general and conclusory objections without

directing a court's attention to a specific error in the magistrate judge's proposed findings. Id. Finally, the failure to file specific, written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if the evidence presented could lead a reasonable fact finder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must view all facts and draw all reasonable inferences from the evidence before it in a light most favorable to the non-moving party. Id. The court must not resolve disputed facts, weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995) (citation omitted), or make determinations of credibility. Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).

The party moving for summary judgment "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick Cty. Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the movant carries this burden, then the burden "shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718–19 (citing Anderson, 477 U.S. at 247–48). The nonmoving party is required to submit evidence of

specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. Celotex, 477 U.S. at 322. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. Furthermore, "[a] mere scintilla of evidence supporting the [non-moving party's] case is insufficient" to defeat a motion for summary judgment. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994); see also Anderson, 477 U.S. at 256 (noting that a non-moving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial").

### III. DISCUSSION

Plaintiff objects to the R&R's: (1) reliance on the declarations of several of defendant's employees; and (2) recommended dismissal of his ADA claim. Pl.'s Objs. 1–8. Defendant objects to the R&R's recommendation that the court decline to exercise supplemental jurisdiction over plaintiff's state law retaliation claim. Def.'s Objs. 1. The court examines these objections in turn.

#### A. Plaintiff's Objections

##### 1. Objection to Reliance on Declarations

First, plaintiff contends that the magistrate judge improperly relied on the declarations of defendant's corporate claims manager Francisco Magana ("Magana"), human resources manager Jena Hart ("Hart"), and program manager Al Rauchut ("Rauchut") because: (1) the declarations were not notarized; (2) the declarations were

created after discovery closed; (3) two declarations were submitted by individuals not listed as witnesses Pl.'s Objs. 1–2.

At the outset, the court notes that plaintiff failed to raise these issues with the declarations before the magistrate judge, raising it for the first time in his objections. The court "is not obligated to consider new arguments raised by a party for the first time in objections" because such allowance frustrates the purpose of the Magistrate's Act and wastes judicial resources. Nelson v. Town of Mt. Pleasant Police Dep't, No. 2:14-cv-4247-DCN, 2016 WL 5110171 at *3 (Sept. 21, 2016 D.S.C.) (citations omitted). "While the court has the power to address such arguments, that power lies within the court's sound discretion." Id. (citation omitted). Accordingly, the court may dispense with an analysis of this objection, which is appropriate here because plaintiff provides no valid reason for failing to raise this issue to the magistrate judge other than that he "assumed" the magistrate judge would disregard them. Pl.'s Objs. 1. Accordingly, the court disregards this objection and affirms the R&R's reliance on the declarations.

However, assuming arguendo that plaintiff raised this issue to the magistrate judge, the court would nevertheless find that plaintiff's objection to the declarations lacks merit. First, for its contention that a declaration must be notarized, plaintiff claims that unsworn declarations cannot be considered at summary judgment. Pl.'s Objs. 3. This argument is erroneous because plaintiff cites an outdated version of Rule 56 of the Federal Rules of Civil Procedure, which he contends "provides direction when judging affidavits" in support of summary judgment and requires notarization. Pl.'s Objs. 2–3. The current version of Rule 56 no longer requires a formal affidavit and specifically allows a party to support summary judgment with declarations, requiring only that the

declaration "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(1), (c)(4). The current version of Rule 56 added unsworn declarations "subscribed in proper form as true under penalty of perjury" as permissible evidence to support summary judgment in recognition of 28 U.S.C. § 1746, which allows the same. Fed. R. Civ. P. 56(c)(4) advisory committee's note to 2010 amendment.

Second, for plaintiff's argument that the R&R improperly relied on the declarations because they were created after discovery and defendant failed to list Hart and Magana as witnesses pursuant to Rule 26, such failure is harmless error because plaintiff disclosed Hart as a potential witness and offers a July 2, 2015 email allegedly from Magana as evidence of defendant's retaliation, which is also cited in response to the motion for summary judgment and in his objections. See ECF Nos. 34-1 (disclosing Hart as expected witness), 27-11 (email). Accordingly, an analysis on the merits of plaintiff's objection to the declarations provides no basis for rejecting the magistrate judge's reliance on the declarations.

### 2. Objection to Dismissal of ADA Claim

Next, plaintiff objects to the recommendation that the court grant summary judgment on his ADA claim. Pl.'s Objs. 6–7. The majority of plaintiff's discussion of this objection simply recites case law. Pl.'s Objs. 4–6. Otherwise, plaintiff discusses the weight of the parties' evidence, which is improper for the court to measure at summary judgment, and takes issue again with the R&R's reliance on the declarations at issue, which the court holds were proper. Because plaintiff does not articulate a specific error and merely rehashes arguments already made to and considered by the magistrate judge,

the court reviews this general objection for clear error. See Weber v. Aiken-Partain, No. 8:11-cv-02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections merely rehashing arguments previously raised and addressed by the magistrate judge are insufficient to direct the court to a specific error in the magistrate judge's proposed findings and recommendations). Thus, the court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (citing Fed. R. Civ. P. 72 advisory committee's note). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

Finding no clear error in the R&R's analysis of the ADA claim, the court agrees with the findings of the magistrate judge. Accordingly, the court grants summary judgment on the ADA claim.

### B. Defendant's Objections

Defendant objects to the R&R's recommendation that the court decline to exercise supplemental jurisdiction over plaintiff's state law claim for retaliation. Def.'s Objs. 1. Specifically, defendant contends that the R&R errs by recommending dismissal of the state law claim—assuming the federal claims are dismissed, which they are— without properly analyzing the supplemental jurisdiction factors as set forth by the United States Supreme Court in Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988). Reviewing this objection de novo, the court agrees and rejects the R&R's recommendation to dismiss without prejudice the state law claim. See R&R 30 (discussing only one Cohill factor: absence of prejudice to defendant).

8

The supplemental jurisdiction statute provides the court discretion to dismiss or keep a case when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367; see Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (citation omitted) ("[T]rial courts enjoy wide latitude in determining whether . . . to retain jurisdiction over state claims when all federal claims have been extinguished."). The Cohill factors to consider are: judicial economy, convenience, fairness, and comity. 484 U.S. at 351 n.7. District courts in the Fourth Circuit have considered other related factors, including: (1) whether the claim involves straightforward application of well-defined case law, Caughman v. S.C. Dep't of Motor Vehicles, C/A No. 3:09-503-JFA-PJG, 2010 WL 348375, at *2 (D.S.C. Jan. 26, 2010); (2) whether the parties have completed discovery, id.; (3) whether the complaint was filed in federal court, Spears v. Water & Sewage Auth. of Cabarrus Cty., 1:15cv859, 2017 WL 2275011, at *9 (M.D.N.C. May 24, 2017); and (4) length of time the case has been pending in federal court, de Reyes v. Waples Mobile Home Park Ltd. P'ship, 251 F. Supp. 3d 1006, 1023 (E.D. Va. 2017).

Applying these factors, the court finds that the underlying considerations of whether to retain supplemental jurisdiction over plaintiff's state law claim counsel the court to exercise its supplemental jurisdiction. This case has been pending since June 2016, discovery has concluded, the only remaining claim is ripe for trial, plaintiff elected to file his complaint in federal court, dismissal would needlessly cause delay if plaintiff wishes to seek relief in state court, and the state court would need to acquaint itself with a case that this court is already familiar with. Accordingly, the court rejects the R&R's

recommendation to dismiss the state law claim, electing instead to exercise supplemental jurisdiction over it.

## IV. CONCLUSION

For the foregoing reasons, the court **ADOPTS IN PART AND DENIES IN PART** the R&R: (1) **ADOPTING** its recommendation to grant summary judgment on the first and second causes of action and dismiss those claims with prejudice; (2) **ADOPTING** its recommendation to deny summary judgment on the third cause of action; but (3) **REJECTING** its recommendation to decline supplemental jurisdiction and dismiss without prejudice the third cause of action. Accordingly, the court **GRANTS IN PART AND DENIES IN PART** defendant's motion for summary judgment, ECF No. 26, **GRANTING** it with respect to the first and second causes of action, and **DENYING** it with respect to the third cause of action. The court dismisses the first and second causes of action with prejudice.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 12, 2018**
**Charleston, South Carolina**